UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IAN TORCH LOCKLEAR,

    Plaintiff,

v.                              CASE NO: 8:09-cv-2517-T-26AEP

CREDIT COLLECTIONS U.S.A., LLC,
and DR. GREGORY P. SAMANO,

    Defendants.
_____/

**O R D E R**

Upon due consideration of the well-pleaded allegations of Plaintiff's complaint, which this Court is compelled to accept as true at this juncture of the proceedings, it is ordered and adjudged that Defendant Samano's perfunctory two-page Motion to Dismiss and Motion to Transfer (Dkt. 4) are denied for the following two reasons.[1] First, Plaintiff has properly filed this lawsuit in the Tampa Division of the Middle District of Florida because, based on Plaintiff's allegations, Hillsborough County, which is located within the Tampa Division,[2] has "the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties." Local Rule 1.02(c). Second, Plaintiff's allegations are more than sufficient to raise a right to relief above the speculative level and to state a

---

[1] The Court notes that the motions fail to comply with Local Rule 3.01(a) in that there is a complete absence of cited legal authority supporting the relief requested.

[2] See Local Rule 1.02(b)(4).

plausible claim for relief. See <u>Sinaltrainal v. Coca Cola Co.</u>, 578 F.3d 1252, 1260-61 (11th Cir. 2009) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 561-62, 570, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007)). Defendant Samano shall file his answer and defenses to Plaintiff's complaint within ten (10) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on January 12, 2010.

     s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record